IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Clarence E. Washington; Allison Washington, ) | C/A No. 1:13-2230-TLW-PJG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| State of South Carolina; County of Aiken, ) | |
| South Carolina; Wells Fargo NA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiffs, Clarence E. Washington and Allison Washington ("Plaintiffs"), self-represented litigants, bring this action alleging illegal foreclosure and bankruptcy proceedings associated with their residence. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process for lack of prosecution and failure to comply with an order of this court.

**I.    Factual and Procedural History**

Plaintiffs allege that their "house went into foreclosure" approximately three years ago and that the foreclosure proceedings should not have been initiated. (ECF No. 1 at 3.) Plaintiffs also reference illegal bankruptcy proceedings. (Id.) Plaintiffs seek restoration of the title to their home and monetary damages. (Id. at 5.)

Plaintiffs failed to sign their Complaint (id.), Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2), Motion to Cease and Desist Per Law (ECF No. 3), Motion to Restore Title

to Plaintiffs Per Law (ECF No. 4), Motion to Compensate Plaintiffs Per Law (ECF No. 5), and Local Civil Rule 26.01 DSC Interrogatory Answers (ECF No. 6). Instead, several of Plaintiffs' pleadings are signed by Chiquita Dunbar, who is not listed as a party in the caption or body of any of the submitted pleadings. Plaintiffs also failed to provide all of the service documents necessary to advance this case. Therefore, on August 20, 2013, the court issued an order allowing Plaintiffs an opportunity to bring this case into proper form for initial review by signing their pleadings and submitting completed service documents for defendants. (ECF No. 11.) The order warned Plaintiffs that failure to provide the requested documents within a specified time period could result in dismissal of the case for failure to comply with an order of this court and failure to prosecute under Federal Rule of Civil Procedure 41. (Id. at 1.) Plaintiffs have not responded to the court's order and the response time has lapsed.

**II.     Discussion**

    **A.     Standard of Review**

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).



Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.     Analysis

Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." In the present case, Plaintiffs failed to comply with an order directing them to sign their pleadings and provide other information necessary to accomplish initial review and possible service of process on defendants. It is well established that a federal court has the authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962); see also United States v. Moussaoui, 483 F.3d 220, 236 (4th Cir.

PJG

2007). As well as inherent authority, this court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Link, 370 U.S. at 630.

In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider the following factors: (1) the degree of plaintiffs' responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of plaintiffs in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). In the instant case, Plaintiffs are proceeding *pro se* and are responsible for their own inaction in failing to respond to the court's order. Further, the defendants have not been served in this action and will not be prejudiced by dismissal. It appears from Plaintiffs' failure to respond to the court's order that they have abandoned this lawsuit and no other reasonable sanctions are available. Therefore, this case should be dismissed because Plaintiffs have failed to prosecute the action or comply with an order of the court. Fed. R. Civ. P. 41(b). As the case is recommended for summary dismissal prior to service of process, it is also recommended that the case be dismissed without prejudice.

### III.     Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process. It is further recommended that Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2), Motion to Cease and Desist Per Law (ECF No. 3), Motion to Restore Title to Plaintiffs Per Law (ECF No. 4), and Motion to Compensate Plaintiffs Per Law (ECF No. 5) be dismissed.

September 24, 2013                                               Paige J. Gossett
Columbia, South Carolina                                    UNITED STATES MAGISTRATE JUDGE

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).